# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

MARY ANN L. GLOBOKAR,
          Appellant,

      v.

NATIONAL AERONAUTICS AND
   SPACE ADMIN,
          Agency.

DOCKET NUMBER
CH-0839-16-0596-I-1

DATE: April 7, 2023

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Mary Ann L. Globokar, Strongsville, Ohio, pro se.

James Jackson, Esquire, and James P. Burkes, Esquire, Cleveland, Ohio,
   for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member[2]

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

[2] Member Leavitt's name is included in decisions on which the three-member Board completed the voting process prior to his March 1, 2023 departure.

**FINAL ORDER**

¶1 The appellant has filed a petition for review of the initial decision, which denied her request for corrective action under the Federal Erroneous Retirement Coverage Corrections Act (FERCCA). Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

**BACKGROUND**

¶2 The appellant was employed as a Budget Analyst. Initial Appeal File (IAF), Tab 1. She contacted agency human resources staff in May 2016 and asserted that the agency erroneously placed her in the Federal Employees' Retirement System (FERS) instead of the Civil Service Retirement System (CSRS). IAF, Tab 4 at 68. She stated that, although she did not have the requisite 5 years prior to the creation of the FERS to exclude her from automatic FERS coverage, she should have been given the requisite 5 years of service because the agency intended her to enter on duty prior to her actual start date. *Id.* at 67-68. In support of her claim, she submitted a May 9, 1983 letter that requested that she

enter on duty on June 20, 1983, which was prior to her actual entrance-on-duty date on January 8, 1984. *Id.* at 71-72, 226.

¶3 On August 18, 2016, the agency issued a decision determining that the appellant was not entitled to corrective action under FERCCA because she did not have the requisite 5 years of service on December 31, 1986, that would exclude her from automatic placement into FERS.[3] *Id.* at 59-60. The agency included a worksheet that indicated that the appellant had 4 years, 3 months and 19 days of service from September 1981 to December 31, 1986, and that, regardless of the letter requesting that she enter on duty on June 20, 1983, the documentation reflected that she did not enter on duty until January 8, 1984. *Id.* at 61.

¶4 The appellant filed the instant appeal requesting corrective action under FERCCA.[4] IAF, Tab 1. She filed a brief in which she asserted, among other things, that she was not required to serve 5 years to avoid automatic FERS coverage because of her interpretation of 5 U.S.C. § 8402(b)(1), which waived the 5-year rule for certain individuals. The administrative judge issued an initial decision on the basis of the documentary evidence affirming the agency's determination. IAF, Tab 16, Initial Decision (ID). She found that the appellant was properly and automatically placed into the FERS, that the agency did not

---

[3] FERCCA addresses the problems created when employees are in the wrong retirement plan for an extended period. 5 U.S.C. § 8331 Note; *Poole v. Department of the Army*, 117 M.S.P.R. 516, ¶ 13 (2012); 5 C.F.R. § 839.101(a). An employee may seek relief under FERCCA if the employee experienced a "qualifying retirement coverage error," defined as an "erroneous decision by an employee or agent of the Government as to whether Government service is CSRS covered, CSRS Offset covered, FERS covered, or Social Security–Only covered that remained in effect for at least 3 years of service after December 31, 1986." 5 C.F.R. § 839.102. We agree with the administrative judge that the Board has jurisdiction over this appeal under 5 U.S.C. § 8347(d)(1) and 5 C.F.R. § 839.1302 because the appellant asserted that her service, including 1981 to the present, was CSRS covered and she sought correction of an error in the agency's decision regarding that service. IAF, Tab 16, Initial Decision (ID) at 1-2.

[4] The appellant originally requested a hearing but later waived that request and agreed that the matter could be decided on the basis of the documentary evidence. IAF, Tabs 1, 6.

commit a prohibited personnel practice, that the agency was not estopped from placing the appellant into the FERS, and that there was no binding agreement to hire the appellant at an earlier date. ID at 3-8.

¶5   The appellant has filed a petition for review, the agency has responded in opposition to her petition, and the appellant has filed a reply.[5]   Petition for Review (PFR) File, Tabs 1-2, 5.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶6   The Federal Employees' Retirement System Act of 1986 (the "FERS Act") became effective on June 6, 1986. Pub. L. No. 99-335, 100 Stat. 514 (codified at 5 U.S.C. chapter 84). Pursuant to the FERS Act, an employee that had at least 5 years of civilian service performed before January 1, 1987, that is creditable under the CSRS, is covered under the CSRS, unless that individual elected to participate in the FERS. 5 U.S.C. § 8402(b)(2)(B). However, the FERS Act excludes from automatic coverage certain high-ranking individuals in certain situations, including, among others, the President and Vice President of the United States, members of the Senior Executive Service, noncareer members of the Senior Foreign Service, presidential appointees, and judges, as specified by the Social Security Act, who performed service continuously from December 31, 1983. 5 U.S.C. § 8402(b)(1); 42 U.S.C. § 410(a)(5)(C), (D), (E), and (F).

---

[5] The appellant also has filed a motion for leave to submit additional evidence. Petition for Review (PFR) File, Tab 7. Pleadings allowed on review include a petition for review, a cross petition for review, a response to a petition for review, a response to a cross petition for review, and a reply to a response to a petition for review. 5 C.F.R. § 1201.114(a). No other pleading will be accepted unless the party files a motion with and obtains leave from the Clerk of the Board. 5 C.F.R. § 1201.114(a)(5). Such a motion must describe the nature of and need for the pleading. *Id.* In her motion, the appellant proposes to submit "an additional document which supports her claim for retirement classification" and further states that she has "found compelling evidence to prove her claim for being enrolled in CSRS; hence to prove entitlement to corrective action for retirement reclassification as allowed under FERCCA legislation." PFR File, Tab 7 at 4. We find this explanation insufficient and deny the appellant's motion.

¶7        The appellant argues that she can rely upon the May 1983 letter in support of her claim against automatic placement into the FERS.  PFR File, Tab 1 at 7-8.  She asserts that the letter is relevant and admissible hearsay evidence because it demonstrates that she was eligible and qualified for hire for entrance on duty on June 20, 1983, on the basis of her successful completion of the hiring requirements.  *Id.*  The appellant does not dispute that, in fact, she did not have 5 years of covered service before January 1, 1987.  Further, as the agency points out, even if the appellant had accrued the additional covered service had the agency hired her on June 20, 1983, instead of January 8, 1984, she still would not have satisfied the requirement of 5 years of service.[6]  IAF, Tab 4 at 13.  Accordingly, consistent with 5 U.S.C. § 8402(b)(2)(B), the appellant was properly placed in the FERS retirement program.  Further, regardless of whether the appellant had entered on duty prior to December 31, 1983, as the administrative judge stated, neither the student trainee position to which she was appointed, nor the General Schedule Electronic Systems Mechanic Apprentice position to which she was converted, were included in the aforementioned positions that were statutorily excluded from the 5-year requirement.  ID at 5; IAF, Tab 4 at 218-32; 42 U.S.C. § 410(a)(5)(C), (D), (E), and (F).  Accordingly, consistent with 5 U.S.C. § 8402, the agency properly and automatically placed the appellant in the FERS.

¶8        Nevertheless, the appellant reasserts that before 1986, agency officials knew or should have known about the upcoming enactment of the FERS Act on the basis of prior legislation and executive actions that foreshadowed the FERS Act and that she should not be required to prove how the agency's ignorance of the laws affected her.  PFR File, Tab 1 at 5-7.  However, as the administrative

---

[6] Prior to January 1, 1987, the appellant had 4 years, 2 months, and 19 days of service and the additional service from June 20, 1983, to January 8, 1984, would have added less than 7 months, totaling less than the requisite 5 years of service.  IAF, Tab 4 at 13, 61, 217-32; *see* 5 U.S.C. § 8402(b)(2)(B).

judge stated, it is well settled that public officers are presumed to perform their duties in good faith. ID at 5; *see, e.g.*, *Preyor v. U.S. Postal Service*, 83 M.S.P.R. 571, ¶ 22 (1999). We find the appellant's assertion that agency officials delayed her entrance on duty from June 20, 1983, to January 8, 1984, to interfere with her rights under the FERS Act, which was not enacted until 1986, is insufficient to overcome this presumption. *See Preyor*, 83 M.S.P.R. 571, ¶ 22 (finding that there was nothing in the record to suggest that agency officials promoted the appellant to deny him appeal rights, and thus the appellant failed to rebut the presumption that public officials performed their duties in good faith and in accordance with law and regulations).

¶9 Next, the appellant challenges the administrative judge's finding that she did not prove that the agency should be equitably estopped from placing her in the FERS. PFR File, Tab 1 at 7. She asserts that the agency and the administrative judge improperly required her to prove that the agency committed misconduct. *Id.* She further asserts that it would be impossible for someone to prove misconduct regarding the delay in processing her paperwork when this delay occurred over 30 years ago, but that a reasonable person could infer that the hiring date was significantly later, thus indicating circumstances, conditions, events, or situations that caused the delay. *Id.* As the administrative judge stated, however, even if the appellant had proven that the agency had engaged in misconduct thus entitling her to equitable estoppel,[7] this doctrine is inapplicable when, as here, the appellant is seeking variance from the terms of the FERS, which would involve a larger payment from the U.S. Treasury. ID at 7; *see Office of Personnel Management v. Richmond*, 496 U.S. 414, 416 (1990) (stating that payments of moneys from the Federal treasury are limited to those authorized by

---

[7] As the administrative judge explained, when seeking equitable estoppel in a case against Federal Government officials, an appellant must show that (1) the officials engaged in affirmative misconduct, and (2) she reasonably relied upon the misconduct. ID at 6-7; *Perez Peraza v. Office of Personnel Management*, 114 M.S.P.R. 457, ¶ 9 (2010).

statute, and the Government cannot be estopped from denying benefits not otherwise permitted by law solely on equitable grounds); *Resnick v. Office of Personnel Management*, 120 M.S.P.R. 356, ¶ 11 (2013).

¶10     The appellant emphasizes that, regardless of the cause, it was through no fault of her own that she was placed in the FERS. *Id.* at 8. Nevertheless, pursuant to 5 U.S.C. § 8402(b)(2)(B), she did not have the requisite 5 years of service to exclude her from coverage under the FERS. Therefore, we find that she is not entitled to corrective action under FERCCA.[8]

¶11     Accordingly, we affirm the initial decision.

## NOTICE OF APPEAL RIGHTS[9]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all

---

[8] The appellant has attached legislative and executive documents to her petition for review and reply. PFR File, Tab 1 at 10-27, Tab 5 at 8-11. To the extent that these documents were not submitted below before the administrative judge, we have not considered this evidence. *See Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980) (finding that, under 5 C.F.R. § 1201.115, the Board will not consider evidence submitted for the first time with the petition for review absent a showing that it was unavailable before the record was closed despite the party's due diligence). The appellant has failed to demonstrate why she could not have submitted this evidence prior to the close of the record below.

[9] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[10]  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

---

[10]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                                    /s/ for

                                                 Jennifer Everling
                                                 Acting Clerk of the Board
Washington, D.C.